BRYAN CAVE LLP
Robert G. Lancaster, S.B.N. 257504
Kristy A. Murphy, S.B.N. 252234
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California  90401
Telephone:  (310) 576-2100
Facsimile:  (310) 576-2200
Email:       rglancaster@bryancave.com
                  kristy.murphy@bryancave.com

Attorneys for Defendant and Counterclaim-Plaintiff
U-HAUL INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., <br><br>  Plaintiff, <br><br> v. <br><br> U-HAUL INTERNATIONAL, INC., <br><br>  Defendant. <br><br>――――――――――――― <br> U-HAUL INTERNATIONAL, INC., <br><br>  Counterclaim-Plaintiff <br><br> v. <br><br> PI-NET INTERNATIONAL, INC., <br><br>  Counterclaim-Defendant. | **Case No. CV12-04301 PSG (JEMx)** <br><br> **DEFENDANT AND COUNTER-PLAINTIFF U-HAUL INTERNATIONAL, INC.'S RESPONSE TO OSC RE: WHY CASES SHOULD NOT BE STAYED PENDING *INTER PARTES* REVIEW** |

Defendant and Counter-Plaintiff U-Haul International, Inc. ("U-Haul") hereby provides its response to the Court's Order to Show Cause Re: Why This Case Should Not Be Stayed (Docket No. 31, June 5, 2013)("OSC").

U-Haul believes this case should be stayed pending the resolution of the *inter partes* review of the Patents-in-Suit, filed by non-party SAP America, Inc., for the reasons stated by the Court in granting the Motions for Stay filed in Pi-Net International, Inc. v. The Hertz Corporation, et al., CV 12-10012 PSG (JEMx); Pi-Net International, Inc. v. Avis Budget Group, Inc., et al., CV 12-4036 PSG (JEMx); and Pi-Net International, Inc. v. Dollar Thrifty Automotive Group, Inc., et al, CV 12-4270 PSG (JEMx), and for the reasons stated by Ace Rent-A-Car Reservations, Inc. in its pending Motion to Stay Pending *Inter Partes* Review, Case CV 12-43030 PSG (JEMx) (Docket Nos. 41, 41-1 through 41-8; filed May 29, 2013). U-Haul adopts and incorporates by reference the Motions to Stay filed in these cases.

The co-pending *Inter Partes* Reviews ("IPRs") challenge the patentability of the Patents-in-Suit in view of a number of prior art patents and printed publications that were not considered by the PTO during the prosecution of the applications leading to those patents. *See* Declaration of Hartford O. Brown In Support of Ace Rent A Car Reservations, Inc.'s Motion to Stay Pending *Inter Partes* Review ("Brown Decl.") ¶¶ 4-9, Exh. 1-2.

This District considers three factors in evaluating whether to grant a stay pending the outcome of proceedings before the PTO—(1) the stage of the litigation; (2) whether the stay will simplify the issues in the case; and (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged as a result of the stay. Here, as in the cases where this Court has already ordered a stay, all three factors weigh in favor of staying this case. First, the early stage of the litigation favors a stay, as very little discovery has taken place. No depositions have taken place; the *Markman* hearing is not scheduled until at least August; and the trial date is a year away. Second, it is highly likely that the IPRs will simplify the issues for

trial in this case, as the asserted claims could be substantially modified or even cancelled as a result of the IPR proceedings. Third, Pi-Net will not be unduly prejudiced or suffer any clear tactical disadvantage by the delay which would result from such a stay. The PTO will decide whether to grant the IPR requests in the next few months. See 35 U.S.C. § 314. If granted, the entire review process must be completed within 12 to 18 months. 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c). Moreover, as Pi-Net is a non-practicing entity that does not compete in the same market as U-Haul, the relatively minimal delay would not cause Pi-Net to suffer lost profits or to lose market share.

In short, all of the factors here favor a stay—(1) this case is still in its very early stages; (2) a stay will simplify the issues to be litigated; and (3) a stay will not unduly prejudice Pi-Net. If a stay is granted, valuable judicial resources will be preserved and all parties will benefit from avoiding substantial (and possibly unnecessary) expenditures. Accordingly, the Court should order a stay of this litigation pending completion of the IPRs.

## I.     FACTUAL BACKGROUND

On May 17, 2012, Pi-Net filed a Complaint alleging that U-Haul's website infringes the '500 Patent (entitled "Value-Added Network System for Enabling Real-Time, By-Directional Transactions on a Network") and the '492 Patent (entitled "Web Application Network Portal"). The Patents-in-Suit purport to be the first inventions to enable the performance of real-time transactions over a network, including the World Wide Web -- essentially, the Plaintiff asserts that the Patents-in-Suit cover the fundamental technology underlying all e-commerce.[1] U-Haul filed its answer on August 31, 2012, denying infringement and asserting counterclaims seeking a declaration of non-infringement, invalidity, and unenforceability.

The case is still in its very preliminary stages. Plaintiff has served

---

[1] Since 2012, Plaintiff has asserted these patents against twenty-eight defendants in the Central District of California, the Northern District of California, and the District of Delaware. Twenty-two of these cases are still pending.

infringement contentions, and U-Haul has served invalidity contentions. Aside from these required disclosures, very little discovery has taken place, and the vast majority of the discovery expected in this matter has yet to be started. Pi-Net has served its first set of interrogatories, and recently provided U-Haul with access to a repository of documents previously produced in other litigations. No depositions have taken place, or have even been scheduled, and the trial date is still a year away.

On March 18, 2013, SAP America, Inc. ("SAP"), which is not a party to this case, filed petitions with the PTO for *Inter Partes* review of the Patents-in-Suit. Brown Decl. ¶ 4-9. The IPR of the '492 Patent was assigned Case Number IPR2013-00194. Brown Decl. ¶ 6. The IPR of the '500 Patent was assigned Case Number IPR2013-00195. Brown Decl. ¶ 8. The PTO has not yet decided to grant the IPR requests.

This is but one of twenty-eight (28) cases which Pi-Net has filed to date in Delaware, the Central District of California and the Northern District of California in asserted infringement of the '500 and '492 patents. Of those twenty-eight (28) cases, six defendants have settled with Plaintiff to date, and seven defendants have previously moved to stay. The remaining cases are all currently moving forward on at least six different litigation tracks with the earliest trial dates scheduled for June 2014, and trial dates in many of the cases have not even been set yet.

Pi-Net has asserted infringement of the '500 and '492 patents in twelve cases in this District alone. Those cases are currently on at least three separate discovery schedules and all have separate trial dates. Three of the cases (Dollar, Avis and Hertz) have been granted a stay, and a fourth case in this District is seeking a stay.

Of the additional eight cases that Pi-Net has filed in the District of Delaware asserting these same patents against various banks, four have settled, and Judge Andrews recently granted a similar stay for defendant Citizens Financial Group Inc. (*See* June 21, 2013 Order in case 1:12-cv-00355-RGA).

Of the further eight cases that Pi-Net has filed in the Northern District of

California asserting these patents against various other banks, two have settled, and two other defendants (Focus Business Bank and Bridge Bank) also have moved for a stay.

## II. ARGUMENT

### A. Legal Standard

The Court's power to stay these proceedings is inherent. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Procter & Gamble Co. v. Kraft Foods Global. Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008) ("The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings."). This inherent power to stay includes the authority to order a stay pending conclusion of a PTO proceeding. *Etagz, Inc. v. Quicksilver, Inc. et al*, No. SACV 10-00300 DOC, Min. Order 2, ECF No. 56 (C.D. Cal. Nov. 22, 2010) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)).

In fact, in this District, "[t]here is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings.'" *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST, 2012 WL 7170593, at *1 (C.D. Cal. Dec. 19, 2012) (hereinafter *Semiconductor*) (quoting *ASCI Corp. v. STD Entm't USA, Inc.*, 844 F. 4 Supp. 1378, 1381 (N.D. Cal. 1994)); see also *Inogen, Inc. v. Inova Labs, Inc.*, No. CV 11-1692-JST, 2012 WL 4748803, at *1 (C.D. Cal. Mar. 20, 2012); *Aten Int'l Co. v. Emine Tech. Co.*, No. CV 09-0843-AG, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010). As this Court has previously recognized in patent infringement actions, "district courts have often stayed actions until pending administrative proceedings are resolved." *Brass Smith, LLC v. Advanced Design Mfg. LLC*, No. CV 10-4945 PSG, 2010 WL 5363808, at *1 (C.D. Cal. Dec. 20, 2010); see also *Big*

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

*Baboon, Inc. v. Dell, Inc.*, No. No. CV 09-1198 SVW, 2011 U.S. Dist. LEXIS 155536, at *45 (C.D. Cal. Feb. 8, 2011) ("District courts have the inherent authority to stay proceedings pending the outcome of reexamination proceedings in the PTO.") (citing *Ethicon*, F.2d at 1426).

Moreover, Courts in this District have routinely stayed litigation prior to the PTO granting the reexamination request. *See, e.g., Semiconductor*, 2012 WL 7170593, at *3 (noting that "if the USPTO rejects the inter partes requests, the stay will be relatively short"); *Inogen*, 2012 WL 4748803, at *1-4 (rejecting argument that a stay is only appropriate after a request for reexamination has been granted); *Brown v. Shimano American Corp.*, No. CV 88-6565 WJR, 1991 WL 133586 (C.D. Cal. Jan. 29, 1991) ("The Court is temporarily staying the proceedings until the PTO rules on defendants' request to reexamine the patent.").

In considering whether to stay an action pending IPR, courts in this district generally consider three factors:

1) whether discovery is complete and whether a trial date has been set;

2) whether a stay will simplify the issues in question and trial of the case; and

3) whether a stay will cause undue prejudice or a clear tactical disadvantage to the non-moving party.

*Semiconductor*, 2012 WL 7170593, at *2-3;[2] *Brass Smith*, 2010 WL 5363808, at *2-3; *California Innovations, Inc. v. Travelers Club Luggage, Inc.*, No. CV 06-6482 PSG, Min. Order 2, ECF No. 30 (C.D. Cal. Oct. 26, 2007). Applying these factors here, the Court should find that a stay pending the IPRs described above is appropriate.

---

[2] *See also id.* at *1, n. 1 ("Effective September 16, 2012, the Leahy-Smith America Invents Act amended the *Inter Partes* reexamination process and renamed it the Inter Partes review process. Pub. L. No. 112-29, § 314(a), 125 Stat. 284 (2011). The Court sees no reason why the three factor assessment would not still be relevant.").

## B. The Early Stage of Litigation in This Case Weighs in Favor of a Stay.

The first factor courts consider in determining whether to enter a stay is the timing of the motion. *Semiconductor*, 2012 WL 7170593, at *2-3; *Brass Smith*, 2010 WL 5363808, at 1; *Big Baboon*, 2011 U.S. Dist. LEXIS 155536, at *45. The fact that a case is only in its "incipient stages" weighs in favor of a stay being granted. *See Guthy-Renker Fitness L.L. C. v. Icon Health & Fitness*, No. CV 97- 7681 LGB, 1998 WL 670240, at *2 (C.D. Cal. July 15, 1998). This case is indeed in its incipient stages. At the time of this motion, very little discovery has taken place; claim construction briefing is not complete; and the trial date is set for over a year from now.

When faced with a motion to stay at a similarly early point in the litigation, Courts in this District have consistently found that the timing supports the granting of a stay. For example, in *Semiconductor*, this Court granted a motion to stay, noting that although discovery had begun and a trial date had been set, the discovery cutoff was still months away, and trial was not scheduled until over a year later. *Semiconductor*, 2012 WL 7170593, at *2. This Court in *Semiconductor* also identified other facts that weighed in favor of a stay: no depositions had been taken; no expert discovery had been undertaken; the parties had not briefed the Court on claim construction; and the Court had not issued a claim construction order. *Id.* at *2-3. In *California Innovations*, this Court granted a motion to stay, stating that the "fact that the Court has set a trial date does not preclude the Court from granting a stay." *California Innovations*, Min. Order 3, ECF No. 30 (noting that neither party had taken depositions, neither party had designated or disclosed expert witnesses, and neither party had filed dispositive motions).

Moreover, the Central District has ruled that stays are appropriate in cases more advanced than this case. For example, in the *Aten Int'l* case, the parties had served four sets of interrogatories, a request for document production, infringement

contentions and subpoenas on third parties. Nevertheless, the court found that the timing factor favored staying the case. *Aten Int'l*, 2010 WL 1462110, at *6. In the *Big Baboon* case, the court granted a stay even though discovery had been ongoing for over a year. *Big Baboon*, 2011 U.S. Dist. LEXIS 155536, at *46. And in *MH Sys., Inc. v. McNulty*, the court found that a stay was appropriate even though the case had been pending for approximately a year, documents had been exchanged, depositions had been taken or scheduled and a case schedule and trial date had been set. *MH Sys., Inc. v. McNulty*, No. CV 05-7263 DSF, 2006 U.S. Dist. LEXIS 98642, at *5-6 (C.D. Cal. Oct. 23, 2006) (hereinafter MH).

Here, while the parties have not yet expended significant resources in this litigation, they soon will be spending considerable time and money on various litigation activities, including document collection and production, claim construction briefing, preparing for and attending the Markman hearing, taking depositions, preparing expert reports, and preparing dispositive motions. In contrast, inter partes review by the PTO provides "an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts . . . especially where the infringement litigation is in its early stages." *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. CV 97-8815 KMW, 2000 WL 1134471, at *1 (S.D.N.Y. Aug. 10, 2000).

Because we are in the early stage of the litigation, before the hard work of discovery and litigation has truly begun, the timing factor weighs in favor of a stay. *See Semiconductor*, 2012 WL 7170593, at *2 (granting a stay because "considering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court") (*quoting Tierravision, Inc. v. Google, Inc.*, No. CV 11-2170 DMS, 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012)).

### C.   A Stay Will Simplify the Issues in Question and Trial of the Case.

The second factor courts consider in determining whether to grant a stay is

"whether a stay will simplify the issues in question and trial of the case." *Semiconductor*, 2012 WL 7170593, at *1. Here, a stay would indeed simplify the issues in question, and it would benefit both the parties and the Court.

*Inter partes* review of the Patents-in-Suit will simplify matters regardless of whether a patent is invalidated or upheld. *See Kornit Digital Ltd. v. All Am. Mfg. & Supply Co.*, No. CV 09-689 AG, 2010 U.S. Dist. LEXIS 48395, at *5 (C.D. Cal. Jan. 11, 2010); *Etagz*, Min. Order 4, ECF No. 56 ("[T]he Court cannot escape the conclusion that granting a stay is likely to yield a streamlined trial process.).

If during the IPR proceedings it is determined that some or all of the claims in the Patents-in-Suit are invalid, Plaintiff's patent infringement claims will be moot (to the extent they rely on the invalidated claims), thus conserving the resources of the Court and all parties. *Kornit*, 2010 U.S. Dist. LEXIS 48395, at *8-9; *see also Semiconductor*, 2012 WL 7170593, at *2 ("[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled . . . .") (quoting *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (1995)). If some claims are entirely cancelled during the IPR proceedings, once litigation resumes, the issues to be litigated will be significantly reduced, resulting in significant judicial economy. *See Brass Smith*, 2010 WL 5363808, at *1 ("The PTO either cancels or requires modifications to the patent in 92% of reexaminations . . . . Cancellation of some or all of the claims would obviously streamline or end the litigation."); *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. CV 06-2252 SBA, 2007 WL 627920, at *2 (N.D. Cal. Feb. 26, 2007) ("[A] decision by the PTO that the re-examined claims of an issued patent are canceled as unpatentable renders the claims unenforceable in the pending litigation and in any future disputes."). This situation is particularly true where (as here) each of the Patents-in-Suit is being reviewed, and where the patent owner asserts claims only for patent infringement. *Semiconductor*, 2012 WL 7170593, at *2.

On the other hand, if any claims are not cancelled but are merely modified during the IPR proceedings, these newly modified claims would be placed at-issue once litigation resumes. If a stay is granted, then the parties would have avoided conducting discovery and claim construction on claims that no longer exist. If no stay is granted and the litigation proceeds parallel to the IPR, some aspects of the case may have to be re-litigated after the claims are modified. *See Aten Int'l*, 2010 WL 1462110, at *7 (stating that if the motion to stay is denied, "the Court risks enabling futile litigation that may have to be repeated if the patent changes. The Court cannot ignore this possibility.").

In short, a stay would prevent this Court and the parties from wasting substantial time and resources on discovery and other litigation activities which may very well be rendered moot by the parallel IPR proceedings. Waiting for the PTO to review the Patents-in-Suit and make validity determinations will simplify the issues to be litigated, streamline the trial process and reduce the burden of litigation on both the parties and the Court.

### D. Pi-Net Will Not Be Unduly Prejudiced or Tactically Disadvantaged by a Stay.

The final factor to be considered by this Court in determining whether to enter a stay is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Semiconductor*, 2012 WL 7170593, at *1. "[M]ere delay in the litigation does not establish undue prejudice." *Aten Int'l*, 2010 WL 1462110, at *7; *see Sorensen v. The Black & Decker Corp.*, No. CV 06CV1572 BTM, 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007) ("Protracted delay is always a risk inherent in granting a stay, yet courts continue to stay actions pending reexamination. The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.").

Here, Pi-Net is neither unduly prejudiced nor put at a tactical disadvantage by a stay. This case has just begun, and Pi-Net has only recently begun discovery

against U-Haul. If the Patents-in-Suit survive the IPRs as is or in modified form, Pi-Net can re-commence this suit. Pi-Net suffers no tactical disadvantage because it is not a competitor to U-Haul.

Similarly, Pi-Net will not suffer any undue prejudice. As this Court has previously noted, a stay is particularly appropriate where (as here) the patent owner has an adequate remedy at law. *California Innovations*, Min. Order 3, ECF No. 30. As a non-practicing entity, the form of relief potentially due to Pi-Net is monetary damages, which will remain available to Pi-Net if the Patents-In-Suit survive the IPRs and if Pi-Net prevails in this litigation. The continued accrual of alleged damages during the pendency of a stay does not constitute prejudice warranting denial of a motion to stay. "In the event the PTO determines that Plaintiff's patents are valid, Plaintiff can pursue damages for the infringing products sold during the period of reexamination." *Id.*; *see also Brass Smith*, 2010 WL 5363808, at *1.

Finally, if this case is stayed pending the IPRs of the Patents-in-Suit, Pi-Net may participate fully in the IPR proceedings. Pi-Net may even file a preliminary response to the petitions for IPR and set forth reasons why IPRs should not be instituted in the first place. 35 U.S.C. § 313; 42 C.F.R. § 42.107. If necessary, Pi-Net can even appeal an IPR decision to the Court of Appeals for the Federal Circuit. 35 U.S.C. § 319.

In short, given the early stage of this litigation, the expedited nature of the IPR proceedings, and Pi-Net's ability to fully participate in the review, Pi-Net will not be unduly prejudiced by the stay, nor will the stay cause any tactical disadvantage to Pi-Net. By contrast, failing to grant a stay here may result in serious prejudice to U-Haul. *See Etagz*, Min. Order 3, ECF No. 56. For example, "the Court, acting without the benefit of the PTO's expertise, might uphold the validity of [a claim], despite the fact that the PTO might later reach the opposite conclusion." *Id.* This result would leave U-Haul with "no ability to recover damages the Court forced it to pay for 'infringement' of an invalid patent." *Id.* By granting a stay now,

the Court avoids the potential unjustness of "[i]mposing liability based on a later-invalidated patent." *See id.*

### III. CONCLUSION

For the reasons stated above, Defendant U-Haul respectfully requests that this Court enter an Order staying further litigation regarding the Patents-in-Suit until the proceedings before the PTO are complete.

Dated: June 26, 2013

**BRYAN CAVE LLP**

ROBERT G. LANCASTER
KRISTY A. MURPHY

By: /s/
    Robert G. Lancaster
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-mail: rglancaster@bryancave.com
        kristy.murphy@bryancave.com

GEORGE C. CHEN (admitted *pro hac vice*)
PEDRO RIVERA (admitted *pro hac vice*)
One Renaissance Square
Two North Central Ave., Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
E-mail: george.chen@bryancave.com
        pedro.rivera@bryancave.com

Attorneys for Defendant and Counterclaim-Plaintiff
**U-HAUL INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 26, 2013, the foregoing document described as: **DEFENDANT AND COUNTER-PLAINTIFF U-HAUL INTERNATIONAL, INC.'S RESPONSE TO OSC RE: WHY CASES SHOULD NOT BE STAYED PENDING *INTER PARTES* REVIEW**, was served via email by delivering a true copy by email addressed to counsel of record for all parties as follows:

| | |
|---|---|
| Andre E. Jardini, Esq.<br> aej@kpclegal.com<br>Kristen-Leigh Myles, Esq.<br> klm@kpclegal.com<br>KNAPP, PETERSEN & CLARKE<br>550 North Brand Boulevard, Suite 1500<br>Glendale, CA 91203-1922<br>Tel: (818) 547-5000<br>Fax: (818) 547-5329 | *Attorneys for Plaintiff and Counter-Defendant*<br>PI-NET INTERNATIONAL INC. |
| Joseph S. Farzam, Esq.<br>JOSEPH FARZAM LAW FIRM<br>1875 Century Park East, Suite 1345<br>Los Angeles, CA 90067<br>farzam@lawyer.com<br> Tel: (310) 226-6890<br>Fax: (310) 226-6891 | *Attorneys for Plaintiff and Counter-Defendant*<br>PI-NET INTERNATIONAL INC. |

By: /s/ Robert G. Lancaster
      Robert G. Lancaster

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386